# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| **SUSAN SNYDER**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| **DANIEL N. GORDON, P.C.,** and | ) |
| **MATTHEW AYLWORTH** | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over Plaintiff's action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     This Court has personal jurisdiction over Defendant because Defendant undertakes continuous and systematic business activities within the state of Washington, including the specific acts that give rise to this complaint.

Plaintiff's Original Complaint
-1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

4.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in the State of Washington and this district, where Plaintiff resides in State of Washington and this district, and where Defendant transacts business in State of Washington and this district.

## PARTIES

5.      Plaintiff, Susan Snyder, ("Plaintiff") is natural persons who at all relevant times resided in State of Washington, County of Snohomish, and City of Mukilteo.

6.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

7.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.      Defendant, Daniel N. Gordon, P.C. ("DNG") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business

Plaintiff's Original Complaint
-2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

10.    DNG uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    DNG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12.    Defendant, Matthew Aylworth ("Aylworth"), is an attorney employed by DNG.

13.    Aylworth is regularly engaged, directly and indirectly, in the collection of consumer debts.

14.    Aylworth is involved in the day-to-day management of DNG's debt collection business.

15.    Aylworth is responsible for day-to-day supervision of DNG's debt collector employees.

16.    Aylworth was personally involved in the collection of Plaintiff's debt.

17.    Aylworth was materially involved in the collection of Plaintiff's debt.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

18.     Aylworth, at all relevant times, exercised control over the affairs of DNG's debt collection business.

19.     Aylworth is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20.     On October 8, 2010, DNG, in an effort to collect from Plaintiff an obligation alleged due its third party client, mailed to Plaintiff a letter reading in part:

> This firm has been retained with the authority to file a lawsuit against you for a debt owed by you to American Express; but at the time of this letter, no decision has been made whether or not we will file a law suit.
>
> Demand is hereby made upon you for payment in the sum of $18026.56.
>
> Unless you notify this office with in thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> At this time, no attorney has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office, your account will be reviewed by an attorney to determine whether to exercise the authority given

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

to this firm to sue you or whether not to exercise that authority
and to return the file to our client.

This communication is from a debt collector.   This is an
attempt to collect a debt, and any information obtained will be
used for that purpose.

DANIEL N. GORDON, P.C.

(October 8, 2011, Correspondence, attached hereto as Exhibit "A").

21.     On October 29, 2011, Aylworth, on behalf of DNG, signed a
complaint against Plaintiff, which was captioned: "American Express Bank FSB
v. Susan Snyder aka Susan A. Snyder aka Susan Berry and Craig A. Snyder."
(October 29, 2011, Complaint, attached hereto as Exhibit "B").

22.     On or about December 13, 2010, DNG placed no less than two (2)
telephone calls to Plaintiff's cellular telephone number in effort to collect from
Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed
or due a creditor other than DNG.

23.     On December 13, 2010, DNG informed Plaintiff that it had been
hired by American Express to collect a debt, and that if Plaintiff did not pay to
DNG the amount alleged owed to American Express that DNG would not only
place a lien on Plaintiff's home, but also garnish her wages.

24.     On December 13, 2011, DNG caused its telephone number to appear
on Plaintiff's caller identification device as 541-342-2276.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

25.     On or about December 15, 2010, DNG placed no less than one (1) telephone call to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than DNG.

26.     On December 15, 2010, DNG informed Plaintiff that she must pay to DNG by the end of month the amount alleged owed to American Express.

27.     On December 13, 2011, DNG caused its telephone number to appear on Plaintiff's caller identification device as 541-342-2276.

28.     On or about January 11, 2011, DNG placed no less than one (1) telephone call to Plaintiffs' cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than DNG.

29.     On January 11, 2011, DNG caused its telephone number to appear on Plaintiff's caller identification device as 000-000-0000.

30.     In placing its January 11, 2011, telephone call to Plaintiff, DNG masked its identity by transmitting false information to Plaintiff's caller identification device.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

31.     On January 25, 2011, Plaintiff instructed DNG, in writing, to cease and desist all telephone communications with her.  Plaintiff further specified that all of DNG's future communications with her must be made in writing.

32.     On or about February 17, 2011, DNG placed no less than one (1) telephone call to Plaintiffs' cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant

33.     On February 17, 2011, DNG caused its telephone number to appear on Plaintiff's caller identification device as 000-000-0000.

34.     In placing its February 17, 2011, telephone call to Plaintiff, DNG masked its identity by transmitting false information to Plaintiff's caller identification device.

35.     On March 7, 2011, Plaintiff served DNG with her answer to the action against her captioned, which was captioned: "American Express Bank FSB v. Susan Snyder aka Susan A. Snyder aka Susan Berry and Craig A. Snyder." (March 7, 2011, Answer, attached hereto as Exhibit "C").

36.     On March 7, 2011, Plaintiff also served DNG with her sworn denial, which reads in part: "I deny that this is my debt and if t is my debt, I deny that it is still valid debt and if it is still a valid debt, I deny the amount sued for in the

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

amount of $18,022.12 principal, $0. Cents as interest including attorney fees is the correct amount."  (March 7, 2011, Sworn Denial, attached hereto as Exhibit "D").

37.    On March 9, 2011, DNG prepared – and later mailed to Plaintiff – its "First Request for Admissions and Request for Production," which included requests reading:

> 9. As a result of Defendant(s)' breach of the Agreement, American Express Bank, FSB had been damaged in the sum of $18,022, together with interest thereon at the rate of 12.0000% from February 24, 2010 until paid.
>
> *    *      *
>
> 11. Although demanded by Plaintiff, no part of the $18,022.12 which Defendant(s) owe to Plaintiff has been paid.

(March 9, 2011, First Request for Admissions and Request for Production, attached hereto as Exhibit "D").

## COUNT I

38.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-37.

39.    The FDCPA at section 1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
If such notice from the consumer is made by mail, notification shall be complete upon receipt.

40.    DNG violated the FDCPA at section 1692c(c) by communicating with Plaintiff after Plaintiff notified DNG, in writing, that she wished DNG to cease further communication with her.

41.    Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692c(c);

Plaintiff's Original Complaint
-9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

42.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-38.

43.    The FDCPA at section 1692e(3) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*       *       *

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

44.   DNG violated the FDCPA at section 1692e(3) by falsely representation or implying that any individual is an attorney, and/or or that a communication was from an attorney.

45.   Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g)  Adjudging that Defendants violated  15 U.S.C. § 1692e(3);

h)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

a)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

b)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

c)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Plaintiff's Original Complaint
-11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

46.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-38.

47.    The FDCPA at section 1692e(5) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*    *       *

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

48.    DNG violated the FDCPA at section 1692e(5) by threatening to take any action that could not be legally be taken and/or that it did not intend to take

49.    Allworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

50.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-37.

51.    The FDCPA at section 1692e(10) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*      \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52.     DNG violated the FDCPA at section 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt from Plaintiff, or to obtain information concerning Plaintiff.

53.     Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated  15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

Plaintiff's Original Complaint
-14

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

54.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-38.

55.    The FDCPA at section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

56.    DNG violated the FDCPA at section 1692f by using false representations or deceptive means to collect or attempt to collect a debt from Plaintiff, or to obtain information concerning Plaintiff.

57.    Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the

Plaintiff's Original Complaint
-15

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

58.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-38.

59.    The FDCPA at section 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section

Plaintiff's Original Complaint
-16

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

60.   DNG violated the FDCPA at section 1692g(b) communicating with Plaintiff in a manner that overshadowed and/or was inconsistent with the disclosure of the Plaintiff's right to dispute the subject debt or request the name and address of the original creditor.

61.   Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated  15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

a) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

b) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

62.    Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 19th day of August, 2011.

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

Plaintiff's Original Complaint
-18

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com