Hon. Richard A. Jones

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | | |
|---|---|---|
| **SUSAN SNYDER**, | ) | Case No. 2:11-cv-01379-RAJ |
| | ) | |
| Plaintiff, | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |
|    vs. | ) | |
| | ) | |
| **DANIEL N. GORDON, P.C.,** | ) | |
| **MATTHEW AYLWORTH, and** | ) | |
| **JOHN AND JANE DOES 1-50** | ) | |
| | ) | |
| Defendants. | | |

## NATURE OF ACTION

1.     This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Washington Consumer Protection Act ("CPA"), Chapter 19.86, RCW.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over Plaintiff's action pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over Defendants because Defendants undertake continuous and systematic business activities within the state of Washington, including the specific acts that give rise to this complaint.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in the State of Washington and

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

this district, where Plaintiff resides in State of Washington and this district, and where Defendants transact business in State of Washington and this district.

**PARTIES**

5.      Plaintiff, Susan Snyder ("Plaintiff"), is a natural person who at all relevant times resided in State of Washington, County of Snohomish, and City of Mukilteo.

6.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt once owed or due, or asserted to be once owed or due a creditor other than Defendants.

7.      Plaintiff's obligation, or alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.      Plaintiff is a "debtor" as defined by RCW § 19.16.100(11).

10.     Defendant, Daniel N. Gordon, P.C. ("DNG") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

11.     DNG is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "claim" from Plaintiff as defined by RCW § 19.16.100(5).

12.     DNG uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     DNG is located in Eugene, Oregon.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

14.     The creditor on whose behalf DNG sought to collect a debt from Plaintiff is located outside of Washington.

15.     DNG's activities within Washington are limited to collecting debts from debtors located in this state by means of interstate communications, including telephone, mail, or facsimile transmission, from DNG's location in Oregon.

16.     DNG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17.     DNG is an "out-of-state collection agency" as defined by RCW § 19.16.100(4).

18.     Alternatively, DNG is a "collection agency" as defined by RCW § 19.16.100(2).

19.     Defendant, Matthew Aylworth ("Aylworth"), is an attorney employed by DNG.

20.     Aylworth is regularly engaged, directly and indirectly, in the collection of consumer debts.

21.     Aylworth is involved in the day-to-day management of DNG's debt collection business.

22.     Aylworth is responsible for day-to-day supervision of DNG's debt collector employees.

23.     Aylworth was personally involved in the collection of Plaintiff's debt.

24.     Aylworth was materially involved in the collection of Plaintiff's debt.

25.     Aylworth, at all relevant times, exercised control over the affairs of DNG's debt collection business.

26.     Aylworth is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "claim" from Plaintiff as defined by RCW § 19.16.100(5).

27.     Aylworth is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

First Amended Complaint – page 3
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

28.     DNG employs approximately 50 individuals (collectively, "John and Jane Does 1-50") who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "claim" from Plaintiff as defined by RCW § 19.16.100(5).

29.     DNG's attempts to collect a debt from Plaintiff were not confined to the operation of a business other than that of a collection agency.

30.     DNG's attempts to collect a debt from Plaintiff were not directly related to the operation of a business other than that of a collection agency.

31.     RCW § 19.16.100(3)(a) excludes individuals engaged in collecting or attempting to collect claims from the definition of a "collection agency" only if such individuals are employees of a licensee.

32.     If DNG did not apply for and obtain a license pursuant to RCW § 19.16.110, then Aylworth and John and Jane Does 1-50 individually fall within the definition of a "collection agency" as defined by RCW § 19.16.100(2).

## FACTUAL ALLEGATIONS

33.     On October 8, 2010, DNG, in an effort to collect from Plaintiff an obligation alleged due its third party client, mailed to Plaintiff a letter reading in part:

> This firm has been retained with the authority to file a lawsuit against you for a debt owed by you to American Express; but at the time of this letter, no decision has been made whether or not we will file a law suit.

> Demand is hereby made upon you for payment in the sum of $18026.56.

> Unless you notify this office with in thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

you with the name and address of the original creditor, if different from the current creditor.

At this time, no attorney has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office, your account will be reviewed by an attorney to determine whether to exercise the authority given to this firm to sue you or whether not to exercise that authority and to return the file to our client.

This communication is from a debt collector.  This is an attempt to collect a debt, and any information obtained will be used for that purpose.

DANIEL N. GORDON, P.C.

(October 8, 2010, Correspondence, Doc. 1-1).

34.    DNG's October 8, 2010 correspondence represented that Plaintiff owed an obligation for the payment of money or thing of value arising out of an agreement or contract.

35.    DNG's October 8, 2010 letter failed to contain any itemization of the alleged debt.

36.    On October 29, 2010, Aylworth, on behalf of DNG, signed a complaint against Plaintiff, which was captioned: "American Express Bank FSB v. Susan Snyder aka Susan A. Snyder aka Susan Berry and Craig A. Snyder."  (October 29, 2010, Complaint, Doc. 1-2).

37.    The complaint did not allege that DNG or Aylworth was licensed pursuant to Chapter 19.16 RCW and had satisfied the bonding requirements thereof.

38.    On or about December 13, 2010, DNG placed no less than two (2) telephone calls to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than DNG.

39.    On December 13, 2010, DNG informed Plaintiff that it had been hired by American Express to collect a debt, and that if Plaintiff did not pay to DNG the amount alleged

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

owed to American Express that DNG would not only place a lien on Plaintiff's home, but also garnish her wages.

40.     On December 13, 2010, DNG caused its telephone number to appear on Plaintiff's caller identification device as 541-342-2276.

41.     On or about December 15, 2010, DNG placed no less than one (1) telephone call to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, once owed or due, or once asserted to be owed or due a creditor other than DNG.

42.     On December 15, 2010, DNG informed Plaintiff that she must pay to DNG the amount alleged owed to American Express by the end of month.

43.     On or about January 11, 2011, DNG placed no less than one (1) telephone call to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than DNG.

44.     On January 11, 2011, DNG caused its telephone number to appear on Plaintiff's caller identification device as 000-000-0000.

45.     In placing its January 11, 2011, telephone call to Plaintiff, DNG masked its identity by transmitting false information to Plaintiff's caller identification device.

46.     As a result of DNG's collection efforts, and in response thereto, Plaintiff, confused as to how the debt was incurred, disputed the validity of the debt in writing and requested verification of the alleged amount of debt, including via letter dated January 25, 2011.

47.     As a direct and proximate result of Defendants' collection efforts, Plaintiff sent the abovementioned letter dated January 25, 2011.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

48.     Plaintiff incurred a charge for the postage and mailing of the abovementioned letter dated January 25, 2011.

49.     On January 25, 2011, Plaintiff instructed DNG, in writing, to cease and desist all telephone communications with her.

50.     Plaintiff's January 25, 2011 letter further specified that all of DNG's future communications with her must be made in writing.

51.     DNG received Plaintiff's January 25, 2011 letter on January 26, 2011.

52.     In response, DNG sent Plaintiff a letter dated January 26, 2011, which represented that Plaintiff owed an obligation for the payment of money or thing of value arising out of an agreement or contract.

53.     DNG's letter dated January 26, 2011 stated the current balance owed on Plaintiff's alleged debt was $20,195.96.

54.     DNG's January 26, 2011 letter failed to contain any itemization of the alleged debt.

55.     DNG sent Plaintiff a letter dated February 3, 2011, which represented that Plaintiff owed an obligation for the payment of money or thing of value arising out of any agreement or contract.

56.     DNG's letter dated February 3, 2011 stated the current balance owed on Plaintiff's alleged debt was $20,100.37.

57.     DNG's February 3, 2011 letter failed to contain any itemization of the alleged debt.

58.     On or about February 17, 2011, DNG placed no less than one (1) telephone call to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than Defendant.

59.    On February 17, 2011, DNG caused its telephone number to appear on Plaintiff's caller identification device as 000-000-0000.

60.    In placing its February 17, 2011, telephone call to Plaintiff, DNG masked its identity by transmitting false information to Plaintiff's caller identification device.

61.    On March 7, 2011, Plaintiff served DNG with her answer to the action against her captioned: "American Express Bank FSB v. Susan Snyder aka Susan A. Snyder aka Susan Berry and Craig A. Snyder." (March 7, 2011, Answer, Doc. 1-3).

62.    On March 7, 2011, Plaintiff also served DNG with her sworn denial, which reads in part: "I deny that this is my debt and if t is my debt, I deny that it is still valid debt and if it is still a valid debt, I deny the amount sued for in the amount of $18,022.12 principal, $0. Cents as interest including attorney fees is the correct amount." (March 7, 2011, Sworn Denial, Doc. 1-4).

63.    On March 9, 2011, DNG prepared—and later mailed to Plaintiff—its "First Request for Admissions and Request for Production," which included requests reading:

> 9. As a result of Defendant(s)' breach of the Agreement, American Express Bank, FSB had been damaged in the sum of $18,022, together with interest thereon at the rate of 12.0000% from February 24, 2010 until paid.
>
> *     *     *
>
> 11. Although demanded by Plaintiff, no part of the $18,022.12 which Defendant(s) owe to Plaintiff has been paid.

(March 9, 2011, First Request for Admissions and Request for Production, Doc. 1-5).

64.    DNG does not have a license under Chapter 19.16 RCW.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

65.     Aylworth does not have a license under Chapter 19.16 RCW.

66.     John and Jane Does 1-50 do not have a license under Chapter 19.16 RCW.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(c)**

67.     Plaintiff repeats and re-alleges each and every allegation contained above.

68.     The FDCPA at section 1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

> (1) to advise the consumer that the debt collector's further efforts are being terminated;

> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

69.     DNG violated the FDCPA at section 1692c(c) by communicating with Plaintiff after Plaintiff notified DNG in writing that she wished DNG to cease further communication with her.

70.     Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

71.     Plaintiff repeats and re-alleges each and every allegation contained above.

72.     The FDCPA at section 1692e(2)(A) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(2) The false representation of --

(A) the character, amount, or legal status of any debt.

73.     DNG violated the FDCPA at section 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including in its correspondence to Plaintiff.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

74.     Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(3)

75.     Plaintiff repeats and re-alleges each and every allegation contained above.

76.     The FDCPA at section 1692e(3) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*     *     *

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

77.     DNG violated the FDCPA at section 1692e(3) by falsely representing or implying the level of attorney involvement in the debt collection process.

78.     Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692e(3);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692e(5)**

79.     Plaintiff repeats and re-alleges each and every allegation contained above.

80.     The FDCPA at section 1692e(5) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

\*     \*     \*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

81. DNG violated the FDCPA at section 1692e(5) by threatening to take any action that could not be legally be taken and/or that it did not intend to take.

82. Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)

83. Plaintiff repeats and re-alleges each and every allegation contained above.

84. The FDCPA at section 1692e(10) provides:

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

85.     DNG violated the FDCPA at section 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt from Plaintiff, or to obtain information concerning Plaintiff.

86.     Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated  15 U.S.C. § 1692e(10);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f

87.     Plaintiff repeats and re-alleges each and every allegation contained above.

88.     The FDCPA at section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect
> or attempt to collect any debt.

89.     DNG violated the FDCPA at section 1692f by using false representations or deceptive means to collect or attempt to collect a debt from Plaintiff, or to obtain information concerning Plaintiff.

90.     DNG violated the FDCPA at section 1692f by attempting to collect a debt from a Washington resident without the license required by Chapter 19.16 RCW.

91.     Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated 15 U.S.C. § 1692f;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692g(b)**

92.   Plaintiff repeats and re-alleges each and every allegation contained above.

93.   The FDCPA at section 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

94.   DNG violated the FDCPA at section 1692g(b) communicating with Plaintiff in a manner that overshadowed and/or was inconsistent with the disclosure of the Plaintiff's right to dispute the subject debt or request the name and address of the original creditor.

95.   Aylworth is personally liable for DNG's violation, absent the need to pierce DNG's corporate veil, as a result of his involvement in the day-to-day management of DNG's debt collection business, his responsibility for day-to-day supervision of DNG's debt collector employees, his personal involvement in the collection of Plaintiff's debt, his material

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

involvement in the collection of Plaintiff's debt, and his exercise of control over the affairs of DNG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
### VIOLATION OF RCW § 19.86.020

96. Plaintiff repeats and re-alleges each and every allegation contained above.

97. The CPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

98. To establish a violation of the CPA, Plaintiff must show:

(1) That Defendants engaged in an unfair or deceptive act or practice;

(2) That the act or practice occurred in the conduct of Defendants' trade or commerce;

(3) That the act or practice affected the public interest;

(4) That Plaintiff was injured in either her business or property; and

(5) That Defendants' act or practice caused Plaintiff's injury.

99. The Washington Collection Agency Act ("WCAA") provides:

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

The operation of a collection agency or out-of-state collection agency without a license as prohibited by RCW 19.16.110 and the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

RCW § 19.16.440.

100.   RCW § 19.16.110 provides:

No person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter, except as authorized by this chapter, without first having applied for and obtained a license from the director.

RCW § 19.16.110.

101.   DNG violated RCW § 19.16.110 by acting and advertising as a collection agency or out-of-state collection agency without first having applied for and obtained a license.

102.   RCW § 19.16.110 also provides:

Nothing contained in this section shall be construed to require a regular employee of a collection agency or out-of-state collection agency *duly licensed under this chapter* to procure a collection agency license.

RCW § 19.16.110 (emphasis added).

103.   If DNG was not duly licensed under the WCAA, then Aylworth and John and Jane Does 1-50 were required to apply for and obtain a collection agency license.

104.   Aylworth violated RCW § 19.16.110 by acting and/or advertising as a collection agency or out-of-state collection agency without first having applied for and obtained a license.

105.   John and Jane Does 1-50 violated RCW § 19.16.110 by acting and/or advertising as a collection agency or out-of-state collection agency without first having applied for and obtained a license.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

106.    RCW § 19.16.250(8) provides[1] in relevant part:

No licensee or employee of a licensee shall:

*      *      *

(8)   Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type:

*      *      *

(c)  If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made including:

(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

(ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;

(iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

(iv) Collection costs, if any, that the licensee is attempting to collect;

(v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor;

(vi)  Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor.

RCW § 19.16.250(8).

---

[1] RCW § 19.16.250(8) was amended effective July 22, 2011.  As the relevant action took place before the effective date, the prior version controls.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

107.    Defendants violated RCW § 19.16.250(8) by failing to itemize Plaintiff's debt or otherwise include the information required by that section in Defendants' correspondence to Plaintiff.

108.    RCW § 19.16.260 provides, in relevant part:

> No collection agency or out-of-state collection agency may bring or maintain an action in any court of this state involving the collection of a claim of any third party without alleging and proving that he or it is duly licensed under this chapter.

RCW § 19.16.260.

109.    DNG violated RCW § 19.16.260 by bringing and maintaining an action in a Washington State court to collect a debt on behalf of a third-party creditor without alleging and proving that it is duly licensed.

110.    Aylworth violated RCW § 19.16.260 by bringing and maintaining an action in a Washington State court to collect a debt on behalf of a third-party creditor without alleging and proving that he is duly licensed.

111.    DNG's violations of the licensing provisions of the WCAA, including RCW § 19.16.110 and RCW § 19.16.250(8), as detailed above, constitute *per se* unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the CPA.  RCW § 19.16.440.

112.    Aylworth's violations of the licensing provisions of the WCAA, including RCW § 19.16.110 and RCW § 19.16.250(8), as detailed above, constitute per se unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the CPA.  RCW § 19.16.440.

113.    John and Jane Does 1-50's violations of the licensing provisions of the WCAA, including RCW § 19.16.110 and RCW § 19.16.250(8), as detailed above, constitute per se

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the CPA.  RCW § 19.16.440.

114.    In a private action in which an unfair or deceptive act or practice is alleged under RCW § 19.86.020, a claimant may establish that the act or practice is injurious to the public interest because it violates a statute that incorporates Chapter 19.86 RCW.  RCW § 19.86.093(1).

115.    A violation of the WCAA implicates the public interest.  *Evergreen Collectors v. Holt,* 60 Wash. App. 151, 156 (Wash. App., Div. 2, 1991) (explaining that a claimant asserting a *per se* violation based upon a violation of the WCAA need not prove that the public interest was affected as "[s]uch an analysis would be superfluous in a case where, as here, the plaintiff establishes a *per se* violation of the Consumer Protection Act by conduct statutorily declared to be violative of the Act"); *see also Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009) ("The business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.").

116.    Defendants' unlicensed collection activity directly and proximately caused Plaintiff injury, including time and expense incurred in defense of Defendants' collection activities, and postage and mailing fees incurred in disputing the validity of the debt sought to be collected and otherwise communicating with Defendants in response to their debt collection activity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated RCW § 19.86.020;

b)  Awarding Plaintiff actual damages pursuant to RCW § 19.86.090;

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

c)   Awarding Plaintiff discretionary treble damages pursuant to RCW § 19.86.090;

d)   For injunctive relief in the form of an Order requiring Defendants to cease collection activity in the State of Washington until Defendants obtain a collection agency license and post the bond required by Chapter 19.16 RCW;

e)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to RCW § 19.86.090;

f)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g)   Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

117.   Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of May, 2012.

> s/Dennis R. Kurz
> Dennis R. Kurz (WSB# 43735)
> WEISBERG & MEYERS, LLC
> 5025 N. Central Ave. #602
> Phoenix, AZ 85012
> Telephone: 888-595-9111 ext 412
> Facsimile: 866-565-1327
> dkurz@attorneysforconsumers.com
> Attorneys for Plaintiff

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com