Hon. Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **SUSAN SNYDER**, | ) Case No. 2:11-cv-01379-RAJ |
| Plaintiff, | ) **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | ) NOTE ON MOTION CALENDAR: |
| **DANIEL N. GORDON, P.C., et al.** | ) July 20, 2012 |
| Defendants. | ) |

Plaintiff, Susan Snyder, ("Ms. Snyder") by and through her counsel undersigned, hereby submits this motion for partial summary judgment. In support thereof, Ms. Snyder respectfully states as follows:

## I.    INTRODUCTION.

Defendant, Daniel N. Gordon, P.C. ("DNG"), a debt collector, contacted Ms. Snyder in effort to collect a debt alleged to be owed a third-party creditor. The federal Fair Debt Collection Practices Act ("FDCPA") affords Ms. Snyder certain rights and prohibits DNG from engaging in unfair, deceptive, or misleading practices. In this case, DNG's written communications to Ms. Snyder contained false, deceptive, or misleading statements, which violate the FDCPA at sections 1692e(2)(A) and 1692e(10). Specifically, DNG omitted material information in its initial communication to Ms. Snyder by failing to disclose that the amount of her debt was subject to increase due to periodic accrual of interest or other charges. DNG also falsely represented the amount of debt that Ms. Snyder owed in its subsequent

Motion for Partial Summary Judgment - 1  
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC  
5025 N. Central Ave.  #602  
Phoenix, AZ 85012  
888-595-9111 ext 412  
866-565-1327 facsimile  
dkurz@AttorneysForConsumers.com

communications to Ms. Snyder. Because there is no genuine dispute as to these material facts, entry of summary judgment is appropriate on these claims.

## II. STATEMENT OF PROCEDURE.

On August 19, 2011, Ms. Snyder filed her original complaint against DNG, alleging violations of the FDCPA, 15 U.S.C. § 1692 *et seq.* (Doc. 1). On December 1, 2011, the Court entered a scheduling order, setting the deadline for amendment of the pleadings by March 28, 2012, and the deadline for filing dispositive motions by June 26, 2012. (Doc. 12). On February 29, 2012, Ms. Snyder filed a motion for leave to amend her complaint in order to assert additional facts and FDCPA violations, and to add claims under the Washington Consumer Protection Act ("WCPA"), RCW § 19.86. (Doc. 14). On May 4, 2012, the Court granted Ms. Snyder's motion to amend (Doc. 17), and Ms. Snyder filed her amended complaint on May 9, 2012. (Doc. 18).

Ms. Snyder's operative complaint alleges violations of the FDCPA at sections 1692c(c), 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692g(b), and of the WCPA at RCW § 19.86.020. This motion for partial summary judgment seeks judgment only on Ms. Snyder's claims under the FDCPA at sections 1692e(2)(A) and 1692e(10).

## III. STATEMENT OF FACTS.

1. DNG is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6). (See DNG's Responses to Plaintiff's Requests for Admission, attached hereto as Exhibit E, at ¶3).

2. DNG is located in Eugene, Oregon. (Exhibit E at ¶18).

3. DNG attempted to collect a debt from Ms. Snyder on behalf of a creditor located in a state other than Washington. (Exhibit E at ¶6).

Motion for Partial Summary Judgment - 2
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

4. On or about October 8, 2010, DNG sent Ms. Snyder an initial written communication in connection with an attempt to collect a debt alleged to be owed to American Express. (See Deposition of Susan Snyder, relevant excerpts attached hereto as Exhibit A, at 22:9-24; October 8, 2010 Correspondence, attached hereto as Exhibit B).

5. The alleged debt was incurred for personal, family, and household purposes, such as groceries, food, and everyday living expenses. (Exhibit A at 10:16-24, 17:23-25).

6. The October 8, 2010 letter demanded payment from Ms. Snyder, stating the amount of debt owed to be $18,026.56. (Exhibit B).

7. The October 8, 2010 letter failed to contain any itemization of whether the amount owed consisted of principal, interest, or other charges, and failed to state whether the amount was subject to accrual of additional interest or other charges. (Exhibit B).

8. On or about January 26, 2011, DNG sent Ms. Snyder a subsequent written communication, stating the "current balance" of the debt to be $20,195.96. (See Exhibit A at 45:22-46:15; Correspondence dated January 26, 2011, attached hereto as Exhibit C).

9. The January 26, 2011 letter failed to contain any itemization of whether the amount owed consisted of principal, interest, or other charges, and failed to state whether the amount was subject to accrual of additional interest or other charges. (Exhibit C).

10. On or about February 3, 2011, DNG sent Ms. Snyder a subsequent written communication, stating the "current balance" of the debt to be $20,100.37. (See Exhibit A at 51:2-14; Correspondence dated February 3, 2011, attached hereto as Exhibit D).

11. The February 3, 2011 letter failed to contain any itemization of whether the amount owed consisted of principal, interest, or other charges. (Exhibit D).

Motion for Partial Summary Judgment - 3
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

12.     DNG's collection history notes for Ms. Snyder's account show that DNG periodically adjusted Ms. Snyder's debt to add accrued interest. (See DNG History Report, attached hereto with relevant portions highlighted as Exhibit F).

13.     Ms. Snyder did not make any payments on the alleged debt to DNG at any time. (See Exhibit A at 37:10-20).

14.     Ms. Snyder was confused as to the amount of debt that DNG claimed was owed. (Exhibit A at 44:3-8).

## IV.   STANDARD OF REVIEW.

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 530 (9th Cir. 1985). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A genuine issue of material fact exists if a reasonable jury could return a verdict in favor of the nonmoving party. *Id.* at 248.

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) (*citing Ayala v. Dial Adjustment Bureau, Inc.*, Civil No. N-86-315 (EEB) (D. Conn. Dec. 4, 1986)); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997) ("A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA.").

Motion for Partial Summary Judgment - 4
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

**V.     THE FDCPA BROADLY PROHIBITS UNFAIR COLLECTION METHODS REGARDLESS OF THE VALIDITY OF ANY UNDERLYING DEBT.**

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692(b).  It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  "In enacting the FDCPA, Congress sought to counter the abusive, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers."  *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004); *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938 (9th Cir. 2007) ("The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices.").

The FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."  *Baker v. GC Serv. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *see also McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (The FDCPA "makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *Meadows v. Franklin Collection Serv., Inc.*, 414 Fed. Appx. 230, 233 (11th Cir. 2011) ("In enacting the FDCPA, Congress meant to ensure that "every individual, whether or not he owes the debt, has a right to be treated in a reasonable or civil manner.") (quoting *Jeter v. Credit*

Motion for Partial Summary Judgment - 5  
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC  
5025 N. Central Ave.  #602  
Phoenix, AZ 85012  
888-595-9111 ext 412  
866-565-1327 facsimile  
dkurz@AttorneysForConsumers.com

*Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); *Harper v. Collection Bureau of Walla Walla, Inc.*, C06-1605-JCC, 2007 WL 4287293, at *4 (W.D. Wash. Dec. 4, 2007) ("so long as the debt is the sort of consumer debt defined and protected by the Act, whether the consumer actually owes the debt, the reasons for the consumer's delinquency, or the consumer's actions or motives for avoiding payment, are all irrelevant.").

**VI. THE FDCPA IS INTERPRETED IN ACCORDANCE WITH THE OBJECTIVE "LEAST SOPHISTICATED DEBTOR" STANDARD.**

"The FDCPA measures a debt collector's behavior according to an objective 'least sophisticated debtor' standard." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011). "Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). "This standard 'ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking, and the credulous.' " *Id.* (quoting *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006) and *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993) (alteration and ellipsis in original)).

"The test for determining whether a debt collector violated the FDCPA is objective and does not depend on whether the debt collector intended to deceive or mislead the consumer." *Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1184 (W.D. Wash. 2011) (citing *Clark*, 460 F.3d at 1171). Likewise, it does not depend on whether the consumer was actually deceived or misled. *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) ("Under the law of this circuit, whether the initial communication violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical 'least sophisticated debtor.' "); *see also United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131, 139 (4th Cir. 1996) ("the test is the capacity of the statement to

Motion for Partial Summary Judgment - 6
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

mislead; evidence of actual deception is unnecessary."). "Instead, the 'least sophisticated' debtor standard applies, and the liability analysis turns on whether a debt collector's communication would mislead an unsophisticated but reasonable consumer." *Lensch*, 795 F. Supp. 2d at 1184.

"In judging the actions of a debt collector, . . . . we seek to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006).

**VII.   THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.**

"Debt collectors are held strictly liable for any violations under the FDCPA." *Lensch*, 795 F. Supp. 2d at 1184. "The FDCPA imposes strict liability on creditors, including liability 'for violations that are not knowing or intentional.' " *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011) (quoting *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008)); *Clark*, 460 F.3d at 1175 (holding the FDCPA is "a strict liability statute").

**VIII.  THE FDCPA IS LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS.**

The Ninth Circuit has taken care "to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors." *Clark*, 460 F.3d at 1179. "Because the FDCPA is a remedial statute, it must be construed liberally in favor of the debtor." *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1246 (W.D. Wash. 2006). "[T]he remedial nature of the statute . . . requires us to interpret it liberally." *Clark*, 460 F.3d at 1176 (9th Cir. 2006); *Lensch*, 795 F. Supp. 2d at 1189 (holding the FDCPA "must be liberally construed in favor of the consumer,"

Motion for Partial Summary Judgment - 7
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

and declining to adopt a "narrow interpretation" that "would provide a loophole for debt collectors").

"Most important, because the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk. As we have oft repeated, it does not seem 'unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.' " *Clark*, 460 F.3d at 1171-72 (quoting *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393 (1965)).

**IX.   MS. SNYDER IS A CONSUMER, DNG IS A DEBT COLLECTOR, AND THE SUBJECT OBLIGATION IS DEBT, AS DEFINED BY THE FDCPA.**

**A.   Ms. Snyder Is A "Consumer" As Defined By The FDCPA.**

"Consumer" is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C § 1692a(3). In this matter, DNG attempted to collect from Ms. Snyder a debt allegedly owed American Express. (See Section III, *supra*, Statement of Facts ("SOF") at ¶¶3-4). Therefore, Plaintiff is allegedly obligated to pay a debt, and is a "consumer" as defined by 15 U.S.C § 1692a(3).

**B.   DNG Is A "Debt Collector" As Defined By The FDCPA.**

"Debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C § 1692a(6). Because instrumentalities of interstate commerce include telephone and the mails, virtually all commercial collection activities fall within the realm of the FDCPA.

Motion for Partial Summary Judgment - 8
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

In this matter, DNG attempted to collect from Plaintiff a debt allegedly owed a third party creditor using instrumentalities of interstate commerce, i.e. by telephone and mail. (See, e.g., SOF at ¶¶3-4). DNG admits to being a "debt collector" as defined by the FDCPA. (SOF at ¶1).

### C. Ms. Snyder's Alleged Obligation Is A "Debt" As Defined By The FDCPA.

"Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C § 1692a(5). In this matter, the alleged obligation was incurred primarily for personal and household purposes, such as buying groceries. (SOF at ¶5).

## X. SUMMARY JUDGMENT IS APPROPRIATE IN FAVOR OF MS. SNYDER ON HER CLAIMS UNDER 15 U.S.C. § 1692e.

### A. The FDCPA Requires A Debt Collector To Disclose That A Consumer's Account Is Subject To Accrual Of Interest Or Other Charges.

In an opinion authored by Judge Posner, the Seventh Circuit has held that a debt collector violates the FDCPA by listing in its letter the unpaid principal balance of the loan, exclusive of "accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement," and where the debt collector adds: "The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000). The Seventh Circuit found that "[t]he unpaid principal balance is not the debt; it is only part of the debt; the Act requires statement of the debt" and held that the

Motion for Partial Summary Judgment - 9
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

collector should have "state[d] the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *Id.* at 875.[1]

Accordingly, the Seventh Circuit found that:

> [T]he following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from date to date: "As of the date of this letter you owe $[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]."

*Id.* at 876.

*Miller* made clear that a debt collector is not required to use this language, but doing so would provide a "safe harbor," "provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation)." *Id.*

On the same line of reasoning as *Miller*, a growing consensus of courts hold that where a debt is subject to accrual of interest or other charges, the failure to disclose the same is a deceptive or misleading practice. The District of Connecticut explained:

> Nevertheless, while the first notice stated generally "BALANCE DUE: $136.64," it did not state the effective date as of which this amount would suffice to pay off the debt in full, nor did it acknowledge . . . that the amount to pay the debt in full could vary on the basis of account adjustment by Dell to reflect accrued interest and/or other fees and charges. . . .
>
> Thus, while the circumstances of this case are not identical to those in *Miller*, where no "balance due" amount was given and an 800-number was

---

[1] In fact, a Washington state statute expressly requires this. *See* RCW § 19.16.250(8).

Motion for Partial Summary Judgment - 10
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

> provided, . . . this case is nevertheless one where not only did the collection notice not specifically indicate the date as of which the "BALANCE DUE" amount was the full amount of the debt, it also was potentially misleading for the "least sophisticated consumer" who could readily conclude that the total amount stated as due ($136.64) was due *at any time*, when in fact it was not and was subject to adjustment by Dell on a periodic basis. [fn.2]
>
> [Fn.2] Indeed . . . not two months after the initial collection notice, plaintiff received a subsequent notice indicating that the "BALANCE DUE" had been adjusted upward to $198.46.

*Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 203 (D. Conn. 2007); *see also Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010), *adhered to on reconsideration*, No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr. 11, 2012) ("I agree with the *Miller* line of cases that when a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate.").

The District of New Jersey similarly analyzed an initial collection letter that "failed to indicate the date as of which the stated interest had been calculated, and also failed to disclose that interest would continue to accrue on unpaid principal," and explained:

> [T]hese omissions could confuse the least sophisticated debtor. This hypothetical person, who is both gullible and naive, *see Brown,* 464 F.3d at 454, might believe that he could pay his debt in full by remitting the sum of the principal and interest stated in the [initial collection] letter at any time after he received that letter. Such a belief would be incorrect because the total amount of the debt was and is subject to periodic adjustment by [the creditor].

*Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. CIV.A. 07-5139, 2008 WL 2885887, at *6-7 (D.N.J. July 23, 2008) (finding the letter deceptive as a matter of law in violation of 15 U.S.C. § 1692e(10)).

Motion for Partial Summary Judgment - 11
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

The Middle District of Pennsylvania recognized that where a collection letter fails entirely to reference accrual of interest, the consumer is even more likely to be confused:

> [The debt collector's] collection letters failed to reference the accrual of interest. [] Thus, while the collection letter at issue in *Smith* hinted at the accrual of interest, the letters in the instant case are even more likely to cause misunderstanding for the least sophisticated consumer. As such, it would be possible to interpret "balance" to mean that it was either a dynamic or static amount. The Court therefore finds that [the debt collector's] letters to [the consumer] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692(e)(10).

*Michalek v. ARS Nat. Sys., Inc.*, No. 3:11-CV-1374, 2011 WL 6180498, at *4-6 (M.D. Pa. Dec. 13, 2011); *see also Ivy v. Nations Recovery Ctr., Inc.*, No. 2:12-CV-037, 2012 WL 2049387, at *2 (E.D. Tenn. June 6, 2012) (holding the consumer-plaintiff "stated a claim upon which relief can be granted because the defendant's January 24 letter did not state whether interest was accruing and, if so, the currently-applicable interest rate."); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, No. 2:11-CV-13, 2011 WL 3489685, at *5 (E.D. Tenn. Aug. 9, 2011) (same: "As evidenced by later communications from Defendant, the letter of January 11, 2010 did not correctly state the amount of the debt because it failed to indicate that interest was accruing and the applicable interest rate."); *cf. Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F. Supp. 2d 822, 827-28 (N.D. Cal. 2006) (holding plaintiff stated claim where debt collector's initial letter stated that interest may be accruing but did not include *Miller*'s safe harbor language and "did not disclose the amount of any interest owed as of the date the letter was sent.").

### B. DNG Failed To Disclose That Ms. Snyder's Account Was Subject To Accrual Of Interest Or Other Charges.

In this case, like in *Dragon*, *Smith*, and *Michalek*, DNG's October 8, 2010 initial collection letter to Ms. Snyder fails entirely to disclose whether the alleged debt was subject to

Motion for Partial Summary Judgment - 12
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

accrual of additional interest or other charges. (Exhibit B). Almost four months later however, DNG sent Ms. Snyder subsequent communications, which alleged that the amount of the debt had increased by more than $2,000.00. (SOF at ¶¶8-10). DNG's account collection notes provide further evidence that DNG was periodically adjusting Ms. Snyder's account balance to add accrued interest. (SOF at ¶12). The least sophisticated consumer, or even an average consumer, "could readily conclude that the total amount stated as due" in DNG's initial communication—$18,026.56—"was due *at any time*, when in fact it was not and was subject to adjustment by [DNG] on a periodic basis." *Dragon*, 483 F. Supp. 2d at 203 (emphasis in original).

### C. DNG's Omission Of Material Information Would Deceive Or Mislead The Least Sophisticated Consumer, And Therefore Violates 15 U.S.C. § 1692e.

The FDCPA provides at section 1692e:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> *   *   *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

The sixteen subsections of section 1692e provide a non-exhaustive list of practices that fall within prohibited conduct. A debt collection practice may violate the FDCPA even if it

Motion for Partial Summary Judgment - 13
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com


does not fall within specific conduct enumerated by the FDCPA. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a general standard affording courts the ability to proscribe conduct not specifically addressed in section 1692e. One Senate Report reads:

> [T]his bill prohibits in general terms any harassing, unfair or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.

S. Rep. No. 382, 95th Cong. at 4; *see also* FTC Official Staff Commentary § 807, *available at* http://www.ftc.gov/os/statutes/fdcpa/commentary.htm#807.

The test for deception under section 1692e is the "the capacity of the statement to mislead; evidence of actual deception is unnecessary." *United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996). Literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. *See McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) ("in some cases 'the literal truth may convey a misleading impression that violates § 1692e' "); *Ponce v. BCA Fin. Services, Inc.*, No. 11-13688, 2012 WL 470213, at *2 (11th Cir. Feb. 14, 2012) (holding a debt collector's statement that happened to be true was nonetheless deceptive and misleading in violation of section 1692e(10) because it was not based on any particular information or personal knowledge); *Forsberg v. Fid. Nat. Credit Services, Ltd.*, No. 03CV2193-DMS(AJB), 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004) ("Even literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive."); *Rosa v. Gaynor*, 784 F. Supp. 1, at *12 (D. Conn. 1989) ("[A] statement which is

Motion for Partial Summary Judgment - 14
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

literally true may, nonetheless, be unlawfully deceptive."). The failure to disclose information is deceptive if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous. *See Simeon Management Corp. v. FTC*, 579 F.2d 1137 (9th Cir. 1998).

In this case, DNG's omission of whether Ms. Snyder's debt is subject to accrual of interest or other charges would "frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). "Congress' intent in enacting § 1692g was to provide an alleged debtor with 30 days to question and respond to the initial communication of a collection agency." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005). Section 1692g(a)(3) permits a debtor to dispute "the validity of the debt, **or any portion thereof**." 15 U.S.C. § 1692g(a)(3) (emphasis added); *Baker v. G. C. Services Corp.*, 677 F.2d 775, 777-78 (9th Cir. 1982) ("Congress clearly required the notice to inform the debtor that he could dispute any portion of the debt."). "A debtor who does owe a valid obligation to the creditor but could dispute finance charges, interest, or have some valid defense, might not be put on notice that he could dispute these additional charges." *Baker*, 677 F.2d at 778. By failing to disclose in the initial notice that the debt is subject to accrual of interest or other additional charges, the debt collector necessarily frustrates a debtor's ability to intelligently choose whether to dispute such portion of the debt. Indeed, the debtor would be completely unaware that he or she is alleged to owe such portion of a debt. This case, as in *Dragon*, presents an especially frustrating predicament: if the debt collector does not disclose that interest has accrued until after the 30-day validation period has ended, the consumer has lost the opportunity to exercise his or her rights pursuant to section 1692g. The FDCPA prohibits such a deceptive collection practice.

Motion for Partial Summary Judgment - 15
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

**XI.   SUMMARY JUDGMENT IS APPROPRIATE IN FAVOR OF MS. SNYDER ON HER CLAIM UNDER 15 U.S.C. § 1692e(2)(A).**

In addition to DNG's violation of, among other subsections, 15 U.S.C. § 1692e(2)(A) for failing to disclose that the debt was subject to accrual of interest or other charges in DNG's initial communication to Ms. Snyder, DNG separately violated section 1692e(2)(A) by falsely representing the amount of Ms. Snyder's debt in subsequent communications to Ms. Snyder.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) of the FDCPA makes it a violation for a debt collector to falsely represent "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). "When a debt collector demands an incorrect amount of money in a dunning letter, it makes a false and misleading representation in violation of § 1692e(2)(A)." *Hepsen v. J.C. Christensen & Associates, Inc.*, No. 8:07CV1935-T-EAJ, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009), *aff'd sub nom. Hepsen v. Resurgent Capital Services, LP*, 383 F. App'x 877 (11th Cir. 2010).

In this case, DNG's October 8, 2010 initial communication represented the amount of Ms. Snyder's debt to be $18,026.56. (SOF at ¶6). DNG's subsequent written communication to Ms. Snyder, dated January 26, 2011, represented the amount of Ms. Snyder's debt to be $20,195.96. (SOF at ¶8). Shortly thereafter, DNG sent Ms. Snyder written communication dated February 3, 2011, which represented the amount of Ms. Snyder's debt to be $20,100.37. (SOF at ¶10). Although Ms. Snyder had made no payments to DNG (see SOF at ¶13), the amount of Ms. Snyder's debt that DNG asserted to be owed had gone down by $95.59. As a matter of logic, DNG either falsely represented the amount of Ms. Snyder's debt in its January 26, 2011 letter, or in its February 3, 2011 letter. Both amounts cannot be correct. Therefore,

Motion for Partial Summary Judgment - 16
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

summary judgment is appropriately entered in favor of Ms. Snyder on her claim under 15 U.S.C. § 1692e(2)(A).

WHEREFORE, Ms. Snyder respectfully requests the Court to grant her motion for partial summary judgment against DNG for its violations of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

Respectfully submitted this 26th day of June, 2012.

>s/Dennis R. Kurz
>Dennis R. Kurz (WSB# 43735)
>WEISBERG & MEYERS, LLC
>5025 N. Central Ave. #602
>Phoenix, AZ 85012
>Telephone: 888-595-9111 ext 412
>Facsimile: 866-565-1327
>dkurz@attorneysforconsumers.com
>Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which shall send notification of such filing to the following:

J. Kurt Kraemer
McEwen Gisvold, LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland OR 97204
kurtk@mcewengisvold.com

>s/Dennis R. Kurz
>Dennis R. Kurz

Motion for Partial Summary Judgment - 17
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com