Hon. Richard A. Jones

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **SUSAN SNYDER**, | )  Case No. 2:11-cv-01379-RAJ |
| | ) |
| Plaintiff, | )  **PLAINTIFF'S REPLY IN SUPPORT OF** |
| | )  **MOTION FOR PARTIAL SUMMARY** |
| vs. | )  **JUDGMENT** |
| | ) |
| **DANIEL N. GORDON, P.C., et al.** | )  NOTE ON MOTION CALENDAR: |
| | )  July 20, 2012 |
| Defendants. | ) |
| | ) |

Plaintiff, Susan Snyder, ("Ms. Snyder") by and through her counsel undersigned, hereby submits this reply to Defendant, Daniel N. Gordon, P.C.'s ("DNG") response to Ms. Snyder's motion for partial summary judgment.  In support thereof, Ms. Snyder respectfully states as follows:

**I.      THE COURT MAY PROPERLY CONSIDER MS. SNYDER'S EXHIBITS.**

In its response brief, DNG contends that the Court should not consider the exhibits attached to Ms. Snyder's motion for summary judgment because it claims they "have not been properly authenticated."  Notably, DNG does not actually challenge the authenticity of Ms. Snyder's exhibits—nor could it in good faith do so, as it is well aware the documents are genuine.  Exhibit A is the deposition testimony of Ms. Snyder, taken in this case by DNG's

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

counsel.  (Doc. 20-1).  Although Ms. Snyder's counsel inadvertently omitted the court reporter's certification page from the exhibit, DNG's counsel has filed the same as an attachment to DNG's own motion for summary judgment.  (See Doc. 23-1 at 14).[1]  Exhibits B through D are documents that DNG itself authored, and are further authenticated by Ms. Snyder's deposition testimony.  (See Doc. 20-1 at 22:9-24, 45:22-46:15, 51:2-14).  Exhibit E is portions of DNG's written discovery responses, which bear the signature of DNG's counsel.  (Doc. 20-5 at 5).  Lastly, Exhibit F (Doc. 20-6) is authored by DNG and is also submitted by DNG in support of its summary judgment motion.  (See Doc. 22-9).

Importantly, not only does DNG not actually challenge the authenticity of the documents submitted, nowhere in its response brief does DNG dispute any of the facts supported by the exhibits as presented by Ms. Snyder in her motion, (Doc. 20 at 2-4).

## II.   NO GENUINE DISPUTE AS TO ANY MATERIAL FACT EXISTS AND THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF MS. SNYDER ON HER CLAIMS UNDER 15 U.S.C. §§ 1692e(2)(A) AND 1692e(10).

### A.   DNG Misinterprets And Misapplies Case Law.

Although *McCalla* analyzed only an FDCPA claim under 15 U.S.C. § 1692g(a)(1), it logically follows that if a debt collector does not accurately state "the amount of the debt," then it necessarily makes a "false representation of the . . . amount . . . of any debt."  See 15 U.S.C. § 1692e(2)(A).  *McCalla*'s analysis focused primarily on consumer confusion.  *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) (recommending "safe-harbor" language to satisfy section 1692g(a)(1)'s requirements when a debt is subject to accrual of interest, but cautioning "that the information [the debt collector]

---

[1] Should the Court require and allow, Ms. Snyder will re-file the exhibit with the certification page.

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

furnishes [must be] accurate and [the debt collector must] not obscure it by adding confusing

other information (or misinformation)"—an "essential qualification").

DNG's reliance on this Court's opinion in *McLain* is unavailing.[2]  The issues in *McLain*

were whether DNG had ever sent an initial communication to the consumer, and whether DNG

was entitled to charge and collect interest under the specific facts under which the debt in that

case arose.  *See McLain v. Gordon*, No. C09-5362BHS, 2010 WL 3340528, at *4-5 (W.D.

Wash. Aug. 24, 2010).  Nowhere did the Court in *McLain* address the sufficiency of the content

DNG's demand letter—indeed, the consumer in *McLain* claimed to not even have received the

letter.  *Id.*

**B.    The Majority Of Case Law Supports Ms. Snyder's Position.**

DNG criticizes Ms. Snyder's citation to *Jones v. Midland Funding, LLC*, 755 F. Supp.

2d 393, 397 (D. Conn. 2010), *adhered to on reconsideration*, No. 3:08-CV-802 RNC, 2012 WL

1204716 (D. Conn. Apr. 11, 2012), for its candor in recognizing that, as DNG put it, "its own

opinion was inconsistent with more recent prevailing authority on the subject."  (See Doc. 26 at

5).  This characterization is inaccurate because the court in *Jones* was merely recognizing that

other courts have reached a different conclusion on the same issue.  *See Adlam v. FMS, Inc.*,

No. 09 Civ. 9129(SAS), 2010 WL 1328958, at *3 (S.D.N.Y. Apr. 5, 2010); *Weiss v. Zwicker &*

---

[2] Curiously, DNG relies on *McLain* in this instance, yet surely would attempt to discredit its
reasoning with respect to DNG's status as a "collection agency" under the Washington
Collection Agency Act, as is relevant to Ms. Snyder's claim under the Washington Consumer
Protection Act.  *See McLain v. Gordon*, No. C09-5362BHS, 2010 WL 3340528, at *8 (W.D.
Wash. Aug. 24, 2010) ("Gordon seems to be arguing that its status as a law firm grants it total
immunity, but Gordon was acting as a collection agency for MRC; it was not, for example,
collecting debts owed to it by a client for legal services."). Even more interesting is that DNG
contends its collection of interest was permitted by RCW § 19.16.250 (Doc. 26 at 3, line 24),
when DNG claims also to be exempt from the requirements of Chapter 19.16 RCW.  (See, e.g.,
Doc. 21 at 11, lines 19-20).

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

1   *Assocs.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009).  However, it is evident from the case law

2   cited by the *Jones* court, and that in Ms. Snyder's motion, that far from being "prevailing

3   authority," the cases cited by DNG represent the clear minority viewpoint.  Even more telling,

4   DNG could cite to no other cases that support its argument.

5           What's more, the minority view's reliance on the conclusory statement that "even the

6   most unsophisticated consumer would understand that credit card debt accrues interest," *Weiss*,

7   664 F. Supp. at 217, is unpersuasive, because this will not be true in all cases.  *See, e.g.*, *Simkus*

8   *v. Cavalry Portfolio Services, LLC*, No. 11-CV-7425, 2012 WL 1866542, at *4-5 (N.D. Ill.

9   May 22, 2012) (finding that original creditor may have waived its right to charge interest, such

10  that subsequent debt collector's addition of accrued interest to consumer's balance may have

11  violated the FDCPA); *see also Michalek v. ARS Nat. Sys., Inc.*, No. 3:11-CV-1374, 2011 WL

12  6180498, at *6 (M.D. Pa. Dec. 13, 2011) (rejecting reliance on the notion stated in *Weiss*

13  because it "was applied to a consumer's claim of confusion as to an increase of debt owed

14  between collection letters. It was not, however, a claim that a collection letter was in violation

15  of the FDCPA for failing to offer prospective notice that a debt may increase.").

16          Indeed, the latter claim noted in *Michalek* is part of the basis of Ms. Snyder's claims,

17  despite DNG's unsupported averment that Ms. Snyder's FDCPA claim is based on the initial

18  communication's failure to itemize the debt.  DNG points out that Ms. Snyder's operative

19  complaint contains the allegation that the debt was not itemized.  While this is accurate, that

20  fact is relevant not to Ms. Snyder's FDCPA claim, (although providing such an itemization

21  likely would have been sufficient to meet DNG's obligation to disclose that the debt was

22  subject to accrual of interest), but is more relevant to her WCPA claim, which is in part based

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

on RCW § 19.16.250(8), which requires debt collectors in Washington to provide an itemization.

DNG's averment that Ms. Snyder understood the content of its initial communication is not only incorrect, but also irrelevant under the FDCPA's objective least sophisticated consumer standard.  (See Doc. 27 at 11; Doc. 20 at 6-7); *see also Tourgeman v. Collins Fin. Services, Inc.*, No. 08-CV-1392 JLS NLS, 2011 WL 3176453 (S.D. Cal. July 26, 2011) ("Clearly, the FDCPA's focus is on a debt collector's conduct, and not on whether a consumer suffers actual damages or is misled. . . . Thus, the subjective impact of an allegedly misleading representation on a consumer is irrelevant. If the subjective impact on a consumer is irrelevant, it follows that whether the consumer received the representation is also irrelevant.").  In fact, Ms. Snyder's testimony indicates that she disputed the accrual of certain interest on the debt. (See Doc. 23-1 at 3, 11:11-16).  Under the FDPCA, if "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use the safe-harbor language of *Miller* [*v. McCalla*]."  *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004); *Jones v. Midland Funding, LLC*, No. 3:08-CV-802 RNC, 2012 WL 1204716, at *2 (D. Conn. Apr. 11, 2012).  Because DNG failed to do so, its conduct violated the FDCPA at sections 1692e(2)(A) and 1692e(10).

Such a requirement would be an "unnecessary restriction" of the kind the Court in *McLain* was concerned with.  Rather, it is consistent with the FDCPA's consumer protection purposes, and "to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process."  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006).

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

**III.   NO GENUINE DISPUTE AS TO ANY MATERIAL FACT EXISTS AND THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF MS. SNYDER ON HER OTHER CLAIM UNDER 15 U.S.C. § 1692e(2)(A).**

DNG admits that the amount of the debt represented to be due and owing in its February 2, 2011 written correspondence to Ms. Snyder was false.   (Doc. 25 at 2, ¶5).   Despite acknowledging it falsely represented the amount of Ms. Snyder's debt, DNG argues that its false representation was not material, relying on the Ninth Circuit's decision in *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).   However, a closer look reveals that *Donohue* actually supports Ms. Snyder's position, because DNG's false representation was material.

In *Donohue*, "[t]he total owed was conceded to be accurate, but the labels for the two sums comprising the total debt were technically incorrect."   *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).   The court did not address a false representation concerning the total amount of the debt, as occurred in this case.

A false representation as to the amount of a consumer's debt, even where it is falsely represented to be less than actually owed, is a material representation that would "undermine [the consumer's] ability to intelligently choose her action concerning her debt."   *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).   For example, if a settlement offer is extended at the same time, as occurred in this case, the consumer may reject the settlement offer thinking that it is not a good deal because it appears to save them less money than is actually the case.   If the letter had represented the true amount of the debt, which is higher, the settlement offer may have more value for the consumer.   In this example, the false representation undermines the consumer's ability to intelligently choose her action concerning her debt.   The consumer may rely on the lower amount to her detriment in not disputing the

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

debt because she believes the debt to be lower than it actually is.  Telling, DNG "provide[s] no support for [its] contention that these amounts were not misrepresentations because they were less than the actual amounts."  *Day v. Check Brokerage Corp.*, 511 F. Supp. 2d 950, 959 (N.D. Ill. 2007) ("Despite the fact that the listed amounts were likely less than the actual amounts, the fact remains that they were inaccurate, and thus, false. . . . These misrepresentations therefore violate Sections 1692e and e(10)."); *see also Pickard v. Lerch*, 1:03CV1688-LJM-WTL, 2005 WL 1259629, at *5 (S.D. Ind. May 26, 2005) (holding a contradiction between representations of amounts owed, where one is less than the actual amount of debt, "creates a § 1692e confusion under the unsophisticated consumer standard, regardless of which of the two statements—if either—was correct.").

Under the plain language of section 1692e(2)(A), a false representation of the amount of the debt is a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *Brown v. Palisades Collection, LLC*, No. 1:11-CV-00445-JMS, 2011 WL 2532909, at *3 (S.D. Ind. June 24, 2011) ("debt collectors . . . are explicitly forbidden from making false statements about debts in the first instance, 15 U.S.C. § 1692e(2)(A)"); *Velazquez v. NCO Fin. Sys., Inc.*, No. CIV.A. 2:11-CV-00263, 2011 WL 2135633, at *6 (E.D. Pa. May 31, 2011) ("even where the collector mistakenly sends one letter may give rise to a claim under the FDCPA as a matter of law"); *see also Gamby v. Equifax Info. Services LLC*, 462 F. App'x 552, 556-57 (6th Cir. 2012) ("a single act seeking payment from the wrong individual has been sufficient to constitute a violation."); *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse"); *Chiverton v. Fed. Fin. Grp., Inc.*, 399 F. Supp. 2d 96, 101 (D. Conn. 2005) (determining that a debt collector made a false

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

representation in violation of the FDCPA by seeking to collect on a debt that no longer existed).

## IV.   DEFENDANT CANNOT AND HAS NOT MET ITS BURDEN TO SHOW A BONA FIDE ERROR UNDER 15 U.S.C. § 1692k(c).

The bona fide error defense is a "narrow exception to strict liability under the FDCPA." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006). Pursuant to 15 U.S.C. § 1692k(c) a debt collector's liability under the FDCPA can be absolved if it "shows by preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error." 15 U.S.C. § 1692k(c). The bona fide error defense is an affirmative defense that must be pleaded and proven, with which the debt collector bears the burden of proof at summary judgment. *Clark*, 460 F.3d at 1177; *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994).

"A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error." *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352-53 (11th Cir. 2009) (citing *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006)). "The failure to meet any one of those three requirements is fatal to the defense." *Id.* at 1353.

"Bona fide," as utilized by the FDCPA, "means that the error resulting in a violation was made in good faith; a genuine mistake, as opposed to a contrived mistake." *Edwards*, 584 F.3d at 1353. To be considered a bona fide error, the debt collector's mistake must be objectively reasonable. "Mere inadvertency is not sufficient to provide a defense." *Dutton v. Wolhar*, 809 F. Supp. 1130, 1138 (D. Del. 1992). "[T]he fact that violations were innocuous

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

and not abusive may be considered only in mitigating liability, and not as defenses under the Act." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1239 (5th Cir. 1997).

"As the text of § 1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained'—*i.e.,* actually employed or implemented—procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008) (quoting *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006)).

"If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. . . . Only then is the mistake entitled to be treated as one made in good faith." *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008) ("Because [the debt collector] submitted only a conclusory declaration stating that it maintained procedures, we hold that it failed to establish a bona fide error defense under the FDCPA."); *see also Dechert v. Cadle Co.*, No. IP01-880-C(B/G), 2003 WL 23008969, at *4 (S.D. Ind. Sept. 11, 2003) (holding defendant could not show bona fide error defense when "the defendant offers **no evidence of what the error was in this case and how the policies and procedures in place were designed to address such a potential error**. Its assertions are much more broad and ambiguous in nature.") (emphasis added); *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 591 (D. Md. 1999) ("**Other than pointing out that the attorneys fee line item was the result of a computer mistake, Defendants have provided no evidence that could lead a reasonable jury to find in their favor**.") (emphasis

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

added); *Adams v. Law Offices of Stuckert & Yates,* 926 F.Supp. 521, 529 (E.D. Pa. 1996) ("According to Defendant, the use of the message was an unintentional error.  However, there is **no showing as to attempts made to avoid such errors**.  As **mere mistake is not a sufficient defense**, Defendant's arguments fail and the affirmative defense of *bona fide* error is unavailing here.") (emphasis added).

In this case, DNG has merely asserted the defense, and has produced insufficient evidence to meet its burden to raise a genuine dispute of material fact as to all elements of the defense.  First, DNG fails to articulate what specific error it made or how it occurred—it merely asserts that it calculated the amount of debt incorrectly, but does not explain how such an error occurred.  This failure precludes a finding that the error was unintentional or bona fide. Aside from Mr. Aylworth's conclusory declaration, it submits no evidence to show its error was unintentional, and nowhere is it even alleged that the error was made in good faith. Similarly, DNG fails to explain how its procedures were reasonably adapted to avoid any specific error asserted in this case.  DNG's conclusory affidavit fails to even create a genuine issue of material fact, as DNG has produced no evidence to allow a reasonable juror to rule in its favor on all elements of the defense.  Simply, DNG has not come close to meeting its burden under the bona fide error defense to negate its prima facie liability under 15 U.S.C. § 1692e(2)(A).

WEISBERG & MEYERS, LLC
5025 N. Central Ave.  #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

WHEREFORE, Ms. Snyder respectfully requests the Court to grant her motion for partial summary judgment against DNG for its violations of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

Respectfully submitted this 20th day of July, 2012.

s/Dennis R. Kurz
Dennis R. Kurz (WSB# 43735)
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
Telephone: 888-595-9111 ext 412
Facsimile: 866-565-1327
dkurz@attorneysforconsumers.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which shall send notification of such filing to the following:

J. Kurt Kraemer
McEwen Gisvold, LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland OR 97204
kurtk@mcewengisvold.com

s/Dennis R. Kurz
Dennis R. Kurz

Plaintiff's Reply in support of Motion for Partial Summary Judgment - 11
Case No. 2:11-cv-01379-RAJ

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com